UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00312-GCM
(3:94-cr-00111-GCM-32)

| | |
|---|---|
| **ANTONIO MOSLEY,** *also known as*, **ABDULLAH HAMID,** ) ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) ) | |
| Respondent. ) ) | |

**THIS MATTER** is before the Court upon Petitioner Antonio Mosely's Motion to Reconsider, Alter and/or Amend the Judgment filed on August 24, 2018 [Doc. 4].

## I. PROCEDURAL BACKGROUND

Antonio Mosley ("Petitioner") pleaded guilty pursuant to a plea agreement on July 21, 1995 to one count of conspiracy to possess with intent to sell crack cocaine, in violation of 21 U.S.C. § 846. United States v. Mosley, 3:94-cr-00111-GCM-32 (W.D.N.C.)[Docs. 452, 470]. The Court sentenced him to 131 months imprisonment followed by three years of supervised release. [Id. at Doc. 644]. Judgment was entered on February 1, 1996, and Petitioner did not file a direct appeal.

Petitioner was released from Bureau of Prisons custody on or about July 6, 2005. [Id. at Doc. 982]. On July 7, 2008, with the consent of Petitioner, the Court granted the probation officer's request to modify the terms of Petitioner's supervised release, extending it by six months and imposing a community service requirement. Id. Petitioner's period of supervised release concluded on or around January 2009.

1

On June 4, 2017, Petitioner filed a "Motion Pursuant to Fed. R. Civ. P. 60(b)(6); Alternative Permission to File a New § 2255; Alternative Permission for Writ of Coram Nobis" attempting to launch a collateral attack on the Court's July 2008 modification of the terms of his supervised release. [Doc. 1]. Petitioner argued that neither the Court, his probation officer, nor his attorney advised him of his right to appeal the modification of his supervised release or his right to collaterally attack the modification and original 1996 judgment. [Doc. 1].[1]

On August 8, 2018, this Court entered an Order denying and dismissing Petitioner's Motion. [Doc. 2]. Petitioner's request for Rule 60(b) relief was untimely and the Court was without jurisdiction to review a new § 2255 petition because Petitioner was no longer in custody. [Doc. 2]. The Court also denied Petitioner's request for a writ of coram nobis on grounds that he failed to demonstrate a sufficient case or controversy to warrant relief. [Id].

Petitioner now seeks reconsideration under Fed. R. Civ. P. 59(e) of the Court's Order denying his petition for writ of coram nobis. [Doc. 4].

## II. STANDARD OF REVIEW

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

---

[1] Petitioner waived his right to a hearing and to assistance of counsel with respect to the modification. [Doc. 982 at 3].

**III.     DISCUSSION**

A writ of error coram nobis is available to petitioners who are no longer "in custody" and cannot seek relief under § 2255 or § 2241. United States v. Morgan, 346 U.S. 506, 506, n. 4, 74 S.Ct 247, 98 L.Ed.248 (1954).  A petitioner seeking coram nobis relief must show that "(1) a more usual remedy [such as habeas corpus] is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." U.S. v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012)(quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).  An error of "the most fundamental character" is one that has "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S.Ct 2235, 60 L.Ed.2d 805 (1979)(quoting United States v. Mayer, 235 U.S. 55, 69 (1914)).  The writ of error coram nobis is a "remedy of last resort." Akinsade, 686 F.3d at 252.  It is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904, 911, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009)(quoting Morgan, 346 U.S. at 511).

Petitioner previously argued that coram nobis relief as to his supervised release modification would enable him to appeal or collaterally attack his original 1995 conviction, which would then enable him to challenge the sentence he is currently serving for a subsequent conviction that he contends was enhanced because of the 1995 conviction. [Doc. 1].  However, the Court denied Petitioner's request on grounds that his ability to challenge the underlying 1995 conviction was not a consequence of his supervised release modification. The consequence of the modification was that his supervised release was extended by six-months, ending on or around January 2009.  He was not resentenced and no new judgment was entered. [Doc. 2, p. 5].  As such,

Petitioner was unable to show the consequences flowing from the modification of his supervised release to satisfy Article III's case or controversy requirement. [Doc. 2].

Petitioner now argues that this Court failed to consider the consequences of his probation officer "hoodwinking" him into waiving his right to a hearing and right to the assistance of counsel. [Doc. 4, p. 3]. Petitioner alleges that neither the court, his probation officer or his attorney advised him of his rights before he waived his rights to a hearing, to assistance of counsel, to appeal, or to collaterally attack the modification of his supervised release. [Doc. 4, p. 2]. Petitioner also complains that the Assisted United States Attorney and the Court also failed to ensure he knowingly and intelligently waived his right to a hearing and to counsel. [Doc. 4, p. 4]. Petitioner claims this resulted in a fundamental error, causing him to be under the criminal justice system for an additional six months and affected his ability to challenge his underlying conviction. [Doc. 4, p. 3]. Petitioner also argues that his prior record level and criminal history score affected his sentencing in his subsequent case. Id. As such, Petitioner claims he has satisfied the "case or controversy" requirement for a writ of error coram nobis.

Petitioner fails to demonstrate any entitlement to relief under Rule 59 to warrant this Court's reconsideration of its previous Order. Rule 59(e) motions may only be granted in limited circumstances where the movant establishes relief is necessary to correct a clear error law in order to prevent a manifest injustice. Petitioner has not shown the presence of the limited circumstances under which a Rule 59(e) motion may be granted and cannot satisfy the requirements for a writ of error coram nobis as set forth under in U.S. v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). Petitioner reasserts his previous arguments and he cannot demonstrate that the modification of his supervised release affected his ability to challenge his underlying conviction. Petitioner's allegations that fundamental error or a manifest injustice has occurred are conclusory and

unsupported. Petitioner's supervised release concluded in January 2009 and he did not seek relief until June 2017. Petitioner has not identified any sufficient grounds to justify why he could not have raised his arguments earlier and why he should now be entitled to coram nobis relief. As such, the Court will deny Petitioner's Rule 59(e) motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reconsider, Alter and/or Amend the Judgment filed on August 24, 2018 [Doc. 4] is **DENIED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 7, 2021

Graham C. Mullen
United States District Judge